IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-444-BO

| | |
|---|---|
| MICHAEL CASPER,  )<br>)<br>Plaintiff,  )<br>v.  )<br>)<br>MICHAEL J. ASTRUE,  )<br>Commissioner of Social Security,  )<br>)<br>Defendant.  )<br>_____  ) | O R D E R |

This matter is before the Court on cross motions for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c). Defendant argues that the Administrative Law Judge's ("ALJ") order was supported by substantial evidence. For the reasons stated below, the order is REVERSED and REMANDED for a calculation of benefits.

I.  SUMMARY OF THE INSTANT DISPUTE

Plaintiff filed for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") on April 11, 2002. Transcript ("T") p 812814. Plaintiff's claim was denied both initially and upon reconsideration. T pp 780, 788-789. On August 26, 2003, following a request for a hearing by Plaintiff, a hearing was held by an Administrative Law Judge ("ALJ"). T p 1151-1186. On September 5, 2003, the ALJ issued a decision adverse to Plaintiff, in which he found that Plaintiff was not disabled under the Social Security Act and not entitled to benefits. T pp. 99-116. On October 8, 2003, Plaintiff's request for review from the Appeals Council. T p 174-177. The Appeals Council remanded the case for further evaluation of Plaintiff's severe mental impairment as well as several other issues. T p 118. On June 22, 2006, a second hearing was

held by an ALJ in accordance with the Appeals Council's remand order. T pp. 49-96. On July 31, 2006, the ALJ again issued a decision adverse to Plaintiff. T pp. 18-39. On July 31, 2006, Plaintiff's request for review was denied by the Appeals Council, rendering the Commissioner's decision final. Plaintiff timely filed this action, and this matter is now before the Court.

II.  DISCUSSION

The order is REVERSED and REMANDED for an award of benefits because substantial evidence does not support the ALJ's rejection of the treating physician's opinion as to Plaintiff's physical limitations. Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard.

Here, substantial evidence does not support the ALJ's finding that Plaintiff's bipolar mood disorder, flares of psoriasis, and gastroesophageal reflex disease are not severe. An impairment is not severe if it does not "significantly limit" physical or mental ability to do basic activities. 20 C.F.R. §§ 404.1521, 416.921. The regulation states, "[a] determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities." The regulation continues, "[a]t the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities. SSR 85-28: Titles II and XVI: Medical Impairments That Are Not Severe (1985). Further, an ALJ must evaluate the combined effects of a claimant's impairments rather than simply evaluate the severity of each

impairment, separately. *Cook v. Heckler*, 783 F.2d 1168, 1174 (4th Cir. 1986).

In the present case, the ALJ seemingly evaluated the severity of each impairment, separately. In doing so, the ALJ failed to provide a rationale for doing so. In addition, the ALJ improperly evaluated the severity of Plaintiff's alleged impairments. Specifically, the ALJ, without any medical basis, challenged the diagnosis of bipolar disorder by Plaintiff's treating physician, concluding that the it was based simply on Plaintiff's self-reporting of mood swings. The medical records do not support such a finding and demonstrate Plaintiff's bipolar disorder, is "severe" under the regulations.

### III. CONCLUSION

Therefore, the ALJ's decision is not supported by substantial evidence and is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the court." *Edwards v. Bowen*, 672 F.Supp. 230, 237 (E.D.N.C. 1987). Accordingly, this case is REMANDED for a calculation of benefits.

SO ORDERED, this _24_ day of May 2009.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE